UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JEFFREY PEDERSEN

    Petitioner,

                                         Misc. Case No. _____

v.                                            Underlying Litigation:

                                          FLYNN, *et al.* v.
CABLE NEWS NETWORK, INC.           CABLE NEWS NETWORK, INC.

    Defendant.

                                          Civil Action No.
                                          1:21-cv-02587-GHW-SLC

**PETITIONER'S OPPOSED MOTION TO QUASH or MODIFY DEFENDANT CABLE NEWS NETWORK, INC's THIRD-PARTY DEPOSITION SUBPOENA ISSUED TO JEFFREY PEDERSEN and FOR PROTECTIVE ORDER**

    Jeffrey Pedersen ("Petitioner" or "Pedersen") files this Opposed Motion to Quash or Modify Cable News Network's ("Defendant" or "CNN") Third Party Subpoena Issued to Petitioner, a third party to the Underlying Litigation (also, the "Lawsuit") pending in U.S. District Court for the Southern District of New York, and shows the court as follows:

    CNN's subpoena (*See* **Exhibit A**) does not give Mr. Pedersen any reason, let alone a good reason, why he must submit to a deposition in this complex federal litigation, to which he is not a party, and in which he has no interest or personal knowledge.

**FACTUAL BACKGROUND**

    This is a Miscellaneous Case involving a subpoena for deposition issued by Defendant from the Southern District of New York. The underlying action was filed in 2021 in the Southern District of New York and is styled *John P. "Jack" Flynn, Leslie Flynn v. Cable News Network, Inc.*, 1:21-cv-02587-GHW-SLC (S.D.N.Y.). The plaintiffs in the underlying action, who are

1

relatives of former National Security Advisor Michael Flynn, assert that CNN painted them in a false light when it them when it depicted them as followers of the "Q Anon" movement.

Pedersen is the host of the MG Show, an internet-based podcast that is broadcast live Monday through Friday from 12:00 pm to 2:00 pm ET. Approximately 300,000 listeners tune into this show daily. He does not have specialized knowledge regarding what constitutes "Q Anon beliefs," but does not consider the MG Show to be "Q Anon focused." Pedersen interviewed Michael Flynn on the MG Show and met him at a public event but has had no personal contact with Michael Flynn. *See* **Exhibit B,** Pedersen Affidavit.

Pedersen's interactions with the Flynn family, such as they are, are minimal, limited to Michael Flynn and his brother, Joe Flynn, and virtually all such interactions have been broadcast and are in the public domain, and therefore CNN's possession. He has no personal knowledge regarding what any of the plaintiffs believe or do not believe or what they have said about CNN's references to Q Anon. *Id*.

Pedersen attended the Q Conference live (which is part of the CNN report at issue) in his capacity as a journalist for the MG Show. At least one CNN reporter also attended the event. *Id*.

### PEDERSEN'S EFFORTS TO NARROW THE SUBPOENA

Because the subpoena appeared to be a fishing expedition to attempt to obtain lay opinion testimony from Mr. Pedersen, and given Pedersen's lack of any personal knowledge on the claims in the lawsuits, counsel raised the issue with CNN and sought more detail regarding the issues on which Mr. Pedersen was supposed to have personal factual knowledge. Counsel for CNN provided the following explanation (*See* **Exhibit C**, email of counsel for CNN):

> At the motion to dismiss stage, the Court had to accept as true the Plaintiff's allegations that the phrase "where we go one, we go all," was a statement of family unity. We are entitled to test that claim. We are also entitled to obtain evidence that the Flynn family was well-known in the Q community to establish that CNN's

reporting was reasonable.  Your client's show used the Where we go one, we go all slogan and he conducted interviews with the Flynns about their family on a Q Anon focused show.

We are interested in having your client discuss his time at 1) the Q Conference live (which is part of the CNN report at issue); 2) his use of QAnon Slogans, including where we go one, we go all, 3) his raising funds for the Flynn defense fund and 4) his interactions with Flynn family.   That evidence is relevant to CNN's defenses of substantial truth and failure to act with actual malice and/or negligence and is proportionate to the needs of the case.  And I think the deposition will take 2 hours at most.

As seen from this text, CNN's response identified no specific need at all in support of its third-party subpoena. There is nothing to distinguish Mr. Pedersen from any other journalist who covers conservative public events and conservative public figures.  CNN characterizes Mr. Pedersen's podcast as "a Q Anon focused show" without laying a specific predicate as to what that means. If CNN is already qualified to make the determination that the show is "Q Anon focused" they don't need to ask Mr. Pedersen about it.

Pedersen's responses to CNN's numbered issues for inquiry at the deposition are as follows:

1. His time at the Q Conference live (which is part of the CNN report at issue);

"His time at" is a broad and unfocused area for questioning. How is that tied to any personal knowledge Mr. Pedersen might have regarding John and Leslie Flynn or any other Flynn? Isn't this a back door to have Mr. Pedersen testify as an expert? Incidentally, we understand but may be mistaken that at least one CNN reporter also attended the event, and so CNN can have its reporters testify regarding "their time" at the Q Conference live rather than from a different media entity – Mr. Pedersen?

2. His use of "Q Anon Slogans", including where we go one, we go all;

You are again wanting to get opinion testimony here as to what constitutes a "Q Anon Slogan." This is not an issue of personal knowledge, much less one related to John and Leslie Flynn.

3. His raising funds for the Flynn defense fund;

3

>    It seems there would need at the outset to be some kind of predicate supporting an allegation the Flynn defense fund and any group associated with both (a) "Q Anon" and (b) Mr. Pedersen are sufficiently related, rather than force our client to sit through cross-examination from CNN counsel trying to prove that they are the same thing – before this issue could even become arguably relevant. Aside from that, this area of examination raises basic questions of invasion of our client's First Amendment rights including his right of association.
>
>    4.   "His interactions with" Flynn family.
>
>    This again is a broad and unfocused area for questioning. Mr. Pedersen's interactions with the Flynn family, such as they are, are minimal, limited to Michael Flynn and Joe Flynn and virtually all such interactions have been broadcast and are in CNN's possession. This category is the ultimate fishing expedition. CNN must state more specifically what testimony it seeks from Mr. Pedersen that would lead to relevant evidence.

See **Exhibit D,** email of counsel for Pedersen.

The response of counsel for CNN addressed none of these concerns, stating as a conclusion that, "We are seeking first- hand knowledge from Mr. Pedersen, not expert opinions.  We have tried in good faith to provide you with the information you seek, but it's clear there is nothing we can do to satisfy you." See **Exhibit E,** email of counsel for CNN. That is, counsel for CNN did not make even a minimal effort to articulate how Mr. Pedersen's testimony based on his personal knowledge will provide evidence in support of CNN proving substantial truth, or even the substantial truth CNN is seeking to prove.

Unable to resolve these serious concerns regarding what by all appearances is a mere fishing expedition, Mr. Pedersen has no choice but to ask the Court to quash the subpoena and also to issue a protective order to protect Petitioner from "annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c)(1).

**JURISDICTION AND VENUE**

Petitioner is an individual located in Palm City, Florida. Defendant's subpoena demands that Petitioner testify at a deposition in West Palm Beach, Florida. (*See* **Exhibit A**). The subpoena

4

compliance location is West Palm Beach, Florida and falls within the jurisdiction of the Southern District of Florida. Rule 45(3)(A), Fed. R. Civ. P., requires a motion to quash to be filed in the jurisdiction where compliance is directed.

## ARGUMENT AND AUTHORITY

I. **Defendant Fails to Shoulder Its Burden of Showing the Deposition Will Lead to Relevant Discovery, and It is Thus Unduly Burdensome.**

A failure to demonstrate relevance is a clear basis for quashing a subpoena. "[T]he scope of discovery allowed under Rule 45 is limited by the discovery requirements of the federal civil rules," *Jordan v. Comm'r, Miss. Dep't of Corrections*, 947 F.3d 1322, 1329 (11th Cir. 2020), meaning that courts treat the scope of a Rule 45 subpoena the same as the scope of discovery under Federal Rule 26. *Colman v. Lennar Corp.,* 2018 WL 3672251, at *2 (S.D. Fla. June 14, 2018); *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 24 (D.C.Cir. 2005) (analyzing challenge to subpoenas under Rule 26 standards).

Rule 26(d)(1) could not be clearer in requiring that parties like Defendant may "obtain discovery" only regarding "matter that is relevant to any party's claim or defense":

(b) Discovery Scope and Limits.

(1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: ***Parties may obtain discovery regarding any nonprivileged matter that is*** [1] ***relevant to any party's claim or defense*** and ***proportional to the needs of the case***, considering [2] the importance of the issues at stake in the action, [3] the amount in controversy, [4] the parties' relative access to relevant information, [5] the parties' resources, [6] the importance of the discovery in resolving the issues, and [7] whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

(Emphasis and square brackets added). "Thus, a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information." *Jordan*, 947 F.3d at 1329. *See also Mohamed v. Columbia Palms W. Hosp. P'ship*, No. 05-81130-CIV, 2006 WL 8435429, at *3 (S.D. Fla. Oct.

30, 2006) (holding "party seeking discovery has the burden to show relevancy").

The discussion above regarding Mr. Pedersen's efforts to narrow the scope of CNN's subpoena demonstrates that the deposition is nothing but a fishing expedition. Mr. Pedersen's affidavit is clear that he has no personal knowledge at all regarding any member of the Flynn family other than Michael and Joe, and these two only in his role as a journalist.

It is ironic but also quite relevant that Defendant made this very same argument when it objected to the Plaintiffs' attempt to compel discovery from Anderson Cooper. "[A]ny compelled attendance at a deposition concerning a Report he played no role in creating would be unduly disruptive to his constitutionally-protected newsgathering activities and those of CNN while providing no benefit to either party." Underlying Matter, Dkt. No. 114. Note that the court presiding over the Lawsuit denied Plaintiffs' motion to compel Mr. Cooper's deposition. Here, CNN wants to take testimony from Mr. Pedersen regarding "His time at the Q Conference live," an event understood also to have been attended by at least one CNN reporter. CNN can have its own reporters testify regarding "their time" at the Q Conference live rather than seek testimony from a different media entity – Mr. Pedersen.

CNN also seeks testimony from Mr. Pedersen regarding "His raising funds for the Flynn defense fund." Apparently, according to CNN, the connection between the Flynn defense fund and any group associated with "Q Anon" is supposed to be self-evident, because CNN has made no effort to show what it is. Rather, Mr. Pedersen can expect to sit through cross-examination from CNN counsel trying to prove that they are the same thing – before this issue could even become arguably relevant. Aside from that, this area of examination raises basic questions of invasion of our Mr. Pedersen's First Amendment rights, including his right of association.

CNN essentially claims that Mr. Pedersen has personal knowledge regarding "Q Anon,"

6

but why not just pick some people off the street, like Jimmy Kimmel, and ask what they think? Counsel for CNN conceded during a telephone conference that "Q Anon" expert witnesses have now been qualified in some currently ongoing lawsuits. That appears to be what CNN seeks here, but it is outside the scope of the Federal Rules. Mr. Pedersen could not be qualified as a "Q Anon" expert even if he wanted to be, because he is not one. As a lay witness, his opinions on the issue are not competent evidence – they are no more competent than the undersigned's uncle's, or Anderson Cooper's.

The plain language of Rule 45 mandates that the subpoena be, at a minimum, *modified* to explain why Petitioner is believed to possess relevant testimony. *See Suber v. Lowes Home Centers,* 2019 WL 13273192, at *1 (N.D. Ga. Sept. 5, 2019) (denying motion to serve subpoena where moving party "has supplied the Court with no basis for finding that the information sought is discoverable and therefore warrants the issuance of a subpoena"); *Jud. Watch, Inc. v. Tillerson*, 293 F. Supp. 3d 33, 45 (D.D.C. 2017), *aff'd sub nom. Jud. Watch, Inc. v. Pompeo*, 744 F. App'x 3 (D.C. Cir. 2018) (holding that party "would have no basis to subpoena" phones or iPads where there was "no reason to believe" they would "house relevant emails"); *E.I. Du Pont De Nemours & Co. v. MacDermid Printing Sols., L.L.C.*, 2012 WL 733831, at *4 (M.D.N.C. Mar. 6, 2012) (denying subpoena for documents where "no grounds exist to find that the document requests contained in the subpoena are either relevant to or needed for the underlying action"); *Black v. Option One Mortg. Corp.*, 2007 WL 9706415, at *3 (W.D. Tex. May 17, 2007) (granting motion to quash where, in one request, "the Court cannot determine the records are relevant to a claim or that undue burden is not caused", and in another, where "there is no basis for the Court to conclude that the information is relevant to plaintiff's claims"); *Atkinson v. Broe*, No. 15-CV-386-WMC, 2017 WL 150044, at *2 (W.D. Wis. Jan. 13, 2017) (denying subpoena to the extent serving party

"provides no reasons why the information sought . . . would be relevant to issues in dispute in this lawsuit").

Rule 45(d)(1), titled "Avoiding Undue Burden or Expense; Sanctions," states that "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(d)(1)'s requirement that the party issuing the subpoena "avoid imposing undue burden" is so serious that the very next sentence sets forth sanctions for failure to do so: "The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." And indeed, Rule 45(d)(3)(A)(iv) allows the recipient of a subpoena lacking any relevance to seek to quash or modify it if, in "the district where compliance is required," if it "subjects a person to undue burden."

Rules 26 and 45, taken together, require a party seeking discovery in litigation to explain to the subpoenaed person why it has the right to invoke the might of the federal court system against parties not involved in the courts at all. Defendant has failed to meet this requirement.

## II. The Subpoena for Petitioner's Deposition is Unduly Burdensome Because the Burden on Petitioner is Disproportional to the Needs of the Case.

Rule 45 requires that a court quash or modify a subpoena that "subjects a person to undue burden." The undue burden inquiry looks at a number of factors, including both the relevance of the information requested as well as whether the recipient of the subpoena is even a party. *See Hannah v. Armor Corr. Health Servs., Inc.,* No. 8:19-cv-596, 2020 WL 3414999, at *3 (M.D. Fla. June 22, 2020) (citations omitted).

Petitioner calls on the Court to use its authority to issue an order to protect Petitioner from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

8

As a person involved in public reporting, Petitioner should be afforded the same protections as Anderson Cooper, who, even though he is employed by Defendant, was not compelled to testify in the Underlying Litigation. *See* **Exhibit F**, Order, ¶2 (February 21, 2023). Petitioner, by contrast, is not connected to the matter in any way, though, like Mr. Cooper, Petitioner spends his time exercising his First Amendment rights by broadcasting a show subject to all the protections afforded to media figures.

With the open-ended, fishing expedition purposes given for Mr. Pedersen's deposition, there is no way of knowing what Defendant will ask Petitioner and no way Petitioner can properly prepare for the deposition. CNN has not met its burden to show it is entitled to the deposition of non-party Jeffery Pedersen, and CNN's subpoena to Pedersen should be quashed or, at a minimum, sharply narrowed to relevant factual matters within Mr. Pedersen's personal knowledge (of which there appear to be none).

## CONCLUSION

WHEREFORE Petitioner respectfully requests entry of an Order quashing CNN's subpoena to Petitioner and/or entry of a protective order, and for all other relief to which Petitioner may show himself entitled.

Respectfully Submitted,
**BERGER SINGERMAN LLP**
*Attorneys for Petitioner/Non-Party Jeffrey Pedersen*
1450 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone: (305) 755-9500
Fax: (305) 714-4340

By: */s/ Jordi Guso*
Jordi Guso
Florida Bar No. 0863580
jguso@bergersingerman.com
Jessica Greenburg
Florida Bar No. 100827
jgreenburg@bergersingerman.com
drt@bergersingerman.com


GREGOR | WYNNE | ARNEY, PLLC

/s/ Michael J. Wynne
Michael J. Wynne
*(Pro Hac Vice Forthcoming)*
Texas State Bar No. 0078529
SDTX No. 0018569
Cameron Powell
*(Pro Hac Vice Forthcoming)*
DC Bar No. 459020
Joseph Larsen
*(Pro Hac Vice Forthcoming)*
Texas State Bar No. 11955425
909 Fannin Street, Suite 3800
Houston, Texas 77010
Telephone: (281) 450-7403
mwynne@gwafirm.com
cpowell@gwafirm.com
jlarsen@gwafirm.com

**ATTORNEYS FOR PETITIONER JEFFREY PEDERSEN**

## CERTIFICATE OF CONFERENCE

I hereby certify that lead counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the Motion in a good faith effort to resolve the issues raised in the Motion and has been unable to do so.

*s/ Jordi Guso*
Jordi Guso

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, per agreement with counsel for Defendant, a true and correct copy of the foregoing was served by email on Defendant, as well as on all counsel of record on the below Service List, this 27th day of April, 2023.

*s/ Jordi Guso*
Jordi Guso

## SERVICE LIST

**Steven S Biss**
LAW OFFICE OF STEVEN S. BISS
300 West Main Street, Suite 102
Charlottesville, VA 22903
stevenbiss@earthlink.net

**Anthony C. Carlini , Jr.**
HANDEL & CARLINI, LLP
1984 New Hackensack Road
Poughkeepsie, NY 12603
anthony@handelcarlini.com

**Deanna K Shullman**
THOMAS & LOCICERO PL
8461 Lake Wolih Road, Suite 114
Lake Worth, FL 33467
dshullman@shullmanfugate.com

**Katherine Mary Bolger**
DAVIS WRIGHT TREMAINE LLP (NYC)
1251 Avenue of the Americas
New York, NY 10020
katebolger@dwt.com

**Lindsey Blair Cherner**
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas
New York, NY 10020
lindseycherner@dwt.com

**Meenakshi Krishnan**
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500 East
Washington, DC 20005
meenakshikrishnan@dwt.com

**Sam Finn Cate-Gumpert**
DAVIS WRIGHT TREMAINE
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017
samcategumpert@dwt.com